IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 624-005-01 |
| | * | |
| ANTHONY MCQUARTERS | * | |

O R D E R

At present, Defendant Anthony McQuarters has filed a motion asking for credit against the federal sentence imposed in this case for 29 months he served in the custody of the Florida Department of Corrections for related conduct. Generally speaking, the Court cannot involve itself in matters related to the Bureau of Prison's computation of the length of sentence unless an inmate files a petition under 28 U.S.C. § 2241 in the district of his confinement. See Rumsfield v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). Because McQuarters is not incarcerated in the Southern District of Georgia, this Court is without authority to consider his motion. That said, the Court is constrained to note that McQuarters has received credit for the time he references. At sentencing, the Court subtracted 29 months from the top range of his guideline

range (87 to 108 months) and imposed a sentence of 79 months, specifically giving McQuarters credit for the 29 months he spent in state custody.

Upon the foregoing, Defendant McQuarters's motion for credit for time served (doc. 42) is **DISMISSED**.

**ORDER ENTERED** at Augusta, Georgia, this ___9th___ day of December, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA